# 21-2883

## IN THE
## 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔠𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰
### FOR THE SECOND CIRCUIT

United States of America,

*Appellee*,

v.

Wallace Best, AKA Coop, Jeffrey Thomas, AKA Zig, Oscar Zavala,
AKA Manuel Garcia Martinez, AKA Oscar Rangel Zavala, AKA
Oscar Zavala Rangel, Gustavo Gonzalez-Yanez, Jesus Mendez, David
Azarias Morales-Verdugo, Frank Jamont Best, AKA JB, AKA Cash,
Tomasz Turowski, Jason Cox, Oscar Garcia-Hernandez, AKA Psych,
Lamont D. Jefferies,

*Defendants*,

Constantino Acosta-Banda,

*Defendant - Appellant.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---

### OPENING BRIEF OF APPELLANT
### Pursuant to *Anders v. California*, 386 U.S. 738 (1967)

---

Robin Christine Smith, Esq.
Leean Othman, Esq.
Law Office of Robin C. Smith, Esq., P.C.
802 B Street
San Rafael, California 94901
(415) 726-8000
rcs@robinsmithesq.com

*Counsel for Defendant-Appellant*

**LANTAGNE LEGAL PRINTING**
**801 East Main Street Suite 100 Richmond, Virginia 23219 (804) 644-0477**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................... ii

SUBJECT MATTER AND APPELLATE JURISDICTION ...................................1

ISSUES PRESENTED...........................................................................2

STATEMENT OF THE CASE..................................................................2

SUMMARY OF ARGUMENT ...............................................................15

ARGUMENT ....................................................................................15

    THERE ARE NO NON-FRIVOLOUS ARGUMENTS FOR THIS
    COURT'S REVIEW ......................................................................15

        a.    Jurisdiction was Vested in the District Court. ................................15

        b.    Appellant's Plea and Waiver Were Validly Entered. .....................16

        c.    The Procedure Employed by the District Court to Impose
            Sentence Was Correct. ..................................................................18

        d.    The Risk of Upending Appellant's Plea Agreement is Not In
            His Best Interest. ...........................................................................21

CONCLUSION ..................................................................................23

# TABLE OF AUTHORITIES

## CASES

*Anders v. California*, 386 U.S. 738 (1967) ........................................................15, 23

*Boykin v. Ala.*, 395 U.S. 238 (1969) ...............................................................17

*Gall v. United States*, 552 U.S. 38 (2007) ...............................................15, 19, 21

*McCarthy v. United States*, 394 U.S. 459 (1969) ....................................................17

*North Carolina v. Alford*, 400 U.S. 25 (1970) ........................................................17

*Parke v. Raley*, 506 U.S. 20 (1992) ...............................................................17, 22

*United States v. Bonilla-Caycedo*, 621 F. App'x 78 (2d Cir. 2015) ........................22

*United States v. Cavera*, 550 F.3d 180 (2d Cir. 2008) ...............................20, 21, 22

*United States v. Ibrahim*, 62 F.3d 72 (2d Cir. 1995) ...............................................22

*United States v. Negron*, 524 F.3d 358 (2d Cir. 2008) ............................................19

*United States v. Rigas*, 490 F.3d 208 (2d Cir. 2007) ...............................................22

*United States v. Whitley*, 503 F.3d 74 (2d Cir. 2007) ..............................................19

*United States v. Ysidro Diaz*, 2013 WL 322243 (S.D.N.Y. 2013) ........................10

## STATUTES AND OTHER AUTHORITIES

18 U.S.C. § 3231 ......................................................................................15

18 U.S.C. § 3355 ......................................................................................15

18 U.S.C. § 3553 ...........................................................................6, 17, 19, 20

18 U.S.C. § 3742 ..........................................................................................1

21 U.S.C. § 841 .................................................................................*passim*

21 U.S.C. § 846 .................................................................................*passim*

28 U.S.C. § 1291 ............................................................................................1

28 U.S.C. § 2106 ............................................................................................1

28 U.S.C. § 2241 ............................................................................................4

28 U.S.C. § 2255 ............................................................................................4

Fed. R. Crim. P. 11 ..........................................................................16, 17, 22

Fed. R. Crim. P. 32 .....................................................................................15

In the
United States Court of Appeals

For the Second Circuit

United States of America,
*Appellee,*
v.

Constantino Acosta-Banda,
*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

## SUBJECT MATTER AND APPELLATE JURISDICTION

This is an appeal from a judgment of the District Court of Connecticut, convicting Appellant Constantino Acosta-Banda of Conspiracy to distribute and possess with intent to distribute heroin and fentanyl in violation of 21 U.S.C. §§ 841(a)(l), 841(b)(l)(C) and 846.

Appellant pleaded guilty pursuant to a plea agreement. Entry of the District Court's judgment occurred on November 16, 2021, and a timely notice of appeal was filed. The Hon. Victor Bolden presided over the District Court proceedings. This Court's jurisdiction is invoked pursuant to 18 U.S.C. § 3742(a), 28 U.S.C. §§ 1291, 2106.

ISSUES PRESENTED

Whether Appellant's plea was entered voluntarily, knowingly and intelligently.

Whether Appellant's sentence was imposed in conformance with procedural and substantive requirements.

Would there be an untenable risk if Appellant's Plea Agreement was invalidated?

STATEMENT OF THE CASE

Indictment

An eight-count indictment that charged Appellant with One Count of Conspiracy to Distribute, and to Possess with Intent to Distribute, Heroin and Fentanyl was filed on March 15, 2021 (A. 82).

Count One charged that from February 2019 through February 2020, in the District of Connecticut and elsewhere, Appellant, along with others, did knowingly and intentionally conspire together and with one another to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1). (A. 82-83).

Plea Agreement

Appellant negotiated an agreement with the government where he agreed to plead guilty to conspiracy to distribute and possess with intent to distribute heroin

and fentanyl in violation of 21 U.S.C. §§ 841(a)(l), 841(b)(l)(C) and 846, which carries a maximum penalty of twenty-years' imprisonment and at least three years' of supervised release (A. 21-22).

The government calculated the offense level under the Sentencing Guidelines to be 32 with a two-level reduction based on Appellant being a minor participant in the offense conduct and a three-level subtraction for acceptance of responsibility, resulting in a total offense level of 27. The government stated in the agreement that with a total offense level of 27, and with a likely criminal history category III, this would result in a range of 87 to 108 months' imprisonment for Appellant (A. 23-24).

The agreement stated that the parties acknowledge that the determination of the quantity of heroin and fentanyl would be determined by the Court at sentencing by a preponderance of the evidence. However, Appellant stipulated in the agreement that the quantity of heroin and fentanyl that was reasonably foreseeable to him as a result of his role in the conspiracy was at least 3 kilograms, but less than 10 kilograms of heroin. Appellant waived any right to a jury trial or sentencing hearing on the issue of the quantity of controlled substances involved in the offense (A. 24).

The parties agreed that Appellant understood he would be waiving his right to a trial if he were to plead guilty and that by pleading, he would be waiving his

right to appeal his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. Further, the parties agreed that Appellant waived his right to challenge his conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. The agreement stated that the waiver does not preclude the Appellant from raising a claim of ineffective assistance of counsel (A. 25-27).

The parties agreed that under certain circumstances, Appellant is entitled to challenge his sentence but that he agreed not to challenge his sentence if the sentence would not exceed one-hundred-eight (108) months' imprisonment and a five-year term of supervised release. The agreement stated that Appellant acknowledged he was entering into the agreement and pleading guilty freely and voluntarily, and that he was not coerced to do so (A. 26-27).

The Plea Proceeding

Appellant entered his guilty plea on March 4, 2021 before the Honorable Victor A. Bolden pursuant to the plea agreement dated the same day.[1] He pled to one count of conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(l), 841(b)(l)(C) and 846.

---

[1] A Spanish interpreter was present for Appellant.

The Court ensured that Appellant understood that he had the right to remain silent and that he could face penalties if he were untruthful at any point. Appellant stated that he had a clear mind and the Court confirmed with Appellant's attorney that Appellant understood the charges, his rights and the plea agreement (A. 33-34).

The government discussed the charge to which Appellant was pleading, conspiracy to distribute and to possess with intent to distribute heroin and fentanyl in violation of 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846, and explained that the charge carries a maximum penalty of up to 20 years' imprisonment with no mandatory minimum term. Appellant stated that he understood the charges, the penalties, and had enough opportunity to discuss his case with his attorney (A. 38-40).

The Court discussed Appellant's rights with him including his right to not plead guilty and proceed to trial, the right to counsel at trial, the right to cross-examine witnesses at trial, and the right to testify or remain silent at trial. Appellant stated that he understood and was willing to give up his rights to trial. The Court explained that Appellant could be deported from the United States and denied citizenship amid his guilty plea (A. 41-46).

The Court ensured that no one was forcing Appellant to plead guilty and confirmed with his attorney that Appellant understood the rights he would be

waiving by pleading guilty. The government highlighted the terms of the plea agreement, including the elements of the offense, the maximum penalties, the sentencing guidelines, and a stipulation as to the quantity of heroin and fentanyl. Appellant stipulated that the quantity of heroin and fentanyl that was reasonably foreseeable to him as a result of his role in the charged conspiracy was at least 3 kilograms, but less than 10 kilograms of heroin, and waived any right to a jury trial or a sentencing hearing on the issue of quantity. The government also noted that the agreement stated that Appellant was waiving various trial rights, waived his right to challenge his conviction, and was waiving his right to appeal the sentence that would be imposed as long as the sentence did not exceed 108 months' imprisonment (A. 47-54).

The Court informed Appellant that it must consider the sentencing factors pursuant to 18 U.S.C. § 3553 and the advisory sentencing guidelines. The Court explained that the maximum jail sentence was 20 years' imprisonment and the maximum term of supervised release was life. The Court informed Appellant and ensured that he understood that he was waiving his right to appeal or attack his conviction or sentence if his sentence did not exceed 108 months' imprisonment and a five-year term of supervised release (A. 57-63).

The government set forth the elements of the offense to which Appellant was pleading: that first, from approximately February of 2019 through February

10th of 2020, there was an agreement between two or more persons to possess with the intent to distribute and to distribute heroin and fentanyl; and two, during the existence of the conspiracy Appellant knowingly, willfully, and voluntarily became a participant in or member of that agreement and did so with the intention of furthering an objective of the conspiracy. Appellant affirmed that he understood the elements of the offense (A. 64-65).

The Court asked Appellant to explain what he did that shows he is guilty of the offense to which he was pleading, and Appellant stated that in February of 2020, someone had sent him to pick up money and he became aware at that moment that it had to do with narcotics. He willingly participated in exchanging the money for the drugs and he was aware that there were at least two or more people who were involved with the drug distribution. He acknowledged that he voluntarily participated in the operation (A. 66-67).

The government informed the Court that if the case were to proceed to trial, the government would prove that Appellant was involved with a drug importation scheme from Mexico into the United States. The government explained that a purchase took place on February 10, 2020, where Appellant was driving a black Lincoln and was observed acknowledging by a nod and hand gesture to the driver of a white pickup truck as another vehicle entered the parking lot. The driver of another truck on scene was seen retrieving a beer box from the trunk of another

7

vehicle, which later was found to contain approximately 5 kilograms of heroin. Further, Appellant consented to a search of his phone which revealed WhatsApp communications with members of the drug operation on February 9 and 10. These allegations would be proved through testimony of cooperating witnesses, video surveillance and physical evidence if the case proceeded to trial (A. 67-71).

Appellant confirmed that he agreed with the government's summary of the chain of events. The Court ensured that it was Appellant's voluntarily will to plead guilty and that he was not promised anything to do so. Appellant pled guilty before the Court and the Court accepted his guilty plea to Count One of the superseding indictment (A. 72-76).

Advisory Guidelines Calculation

The Probation Department, by United States Probation Officer Lauren Harte, filed the Presentence Report with the Court on October 14, 2021, calculating Appellant's offense level as follows:

Count One, Conspiracy to Distribute and Possess with
    Intent to Distribute Heroin and Fentanyl


| | |
|---|---|
| Base Offense Level: The guideline for this offense is found in §2D1.1, which provides that an offense involving at least 3 kilograms, but less than 10 kilograms of heroin has a base offense level of 32. USSG §2D1.1(c)(4). | 32 |
| There were no specific offense characteristics. | 0 |
| There were no victim related adjustments. | 0 |

Adjustment for Role in the Offense: While Appellant was involved in the February 10, 2020 narcotics delivery, there was no additional involvement in the conspiracy on his part. It appears Appellant arranged the one drug delivery and it is unclear if he communicated with any additional individuals in the conspiracy beyond Mr. Mendez and Mr. Gonzalez-Yanez. USSG §3B1.2(b)                                              -2

There were no adjustments for Obstruction of Justice.                              0

Adjusted Offense Level (Subtotal)                                                          30

Appellant demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels, pursuant to §3E1.1(a).                                                                                            -2

Appellant assisted authorities in the investigation or prosecution of the Appellant's own misconduct by timely notifying authorities of his intention to enter a plea of guilty. Accordingly, the offense level is decreased by one additional level, pursuant to §3E1.1(b).

                                                                                                        -1

Total Offense Level:                                                                          27

Appellant's Sentencing Memorandum

A sentencing memorandum was submitted on behalf of Appellant on October 19, 2021. Counsel explained that Appellant felt rejected by his family while growing up as he was the only child with a darker complexion and was often referred to as "charcoal boy." Appellant only completed the second grade in school. At the age of 13, Appellant moved away from his family to live on his own as he was adamant to support himself and his family by finding different forms of work. At a young age, Appellant was working for a man who operated a fruit

business cart and was living in a rundown building with people he met on the street, and often going hungry (A. 99-101).

Counsel highlighted Appellant's tragic background as he lost four brothers, two were shot and killed and the other two were kidnapped by the cartel and have not been seen or heard from since. Appellant was told after the disappearance of one of his brothers that "anyone seen in the Banda family will be killed" (A. 102).

Appellant has four children and one child has autism, who needs extra care. Counsel informed the Court that Appellant has an alcohol abuse problem and acknowledges that alcohol has led him to make poor decisions, explaining that he was drunk the majority of times he has been arrested. However, Appellant recognizes that this does not justify his behavior. Appellant understands that he must remain sober after his release and is hopeful to participate in an intensive alcohol treatment program while serving his sentence (A. 100, 102-105).

Counsel argued that the advisory guideline range of 87 to 108 months is far greater than is reasonably necessary to accomplish the goals of sentencing. Counsel urged the Court to consider several observations by Judge Gleason in *United States v. Ysidro Diaz*, 2013 WL 322243 (S.D.N.Y. 2013), where the defendant, who was charged with an offense involving one kilo of heroin and was facing a 10-year mandatory minimum sentence, was eligible for the safety valve. However, Judge Gleason wrote "he got out of the mandatory minimum frying pan,

but all that got him was into the guidelines fire." The judge noted that the guideline ranges are excessively severe because they subject all drug trafficking defendants to the harsh weight-driven regime that should be intended only for leaders of drug organizations. Further, the judge explained that drug trafficking offense guidelines should be more sensitive to factors directly relevant to culpability, including the defendant's role in the offense and less sensitive to drug type and quantity (A. 106-107).

Applying these principals to the instant matter, counsel argued that the advisory guidelines range was unduly harsh in Appellant's case. Counsel argued that a sentence of 48 months is sufficiently punitive and serves as a deterrent to him and to the public. A four-year separation from his children will be extremely severe for Appellant and would prevent him from ever being involved in similar conduct again. Following his release, counsel stated that Appellant would be deported and would not ever return to the United States (A. 107-109).

<u>Government's Sentencing Memorandum</u>

The Government argued that Appellant was acting as a coordinator for a multi-kilogram deal and appeared to have prior associations with others involved in the transaction. The government explained that with a total offense level of 27, and a criminal history category of III, the resulting Guidelines range would be 87 to 108 months' imprisonment (A. 114-115).

The government explained that on February 10, 2020, Appellant and three co-conspirators delivered five kilograms of heroin to a DEA confidential source, and that Appellant coordinated the delivery of bulk quantities of heroin, on behalf of a drug cartel, across the border from Mexico into the United States. The government argued that Appellant's claims that he did not know or associate with his co-conspirators is refuted by the fact that the cartel trusted him enough to let him take custody of at least $100,000 of drug proceeds and transport the money back to cartel sources. Text messages also reveal that he was an integral participant in the narcotics delivery team, contended the government (A. 116-117).

The government stated that Appellant's history also merit a substantial sentence although his criminal history appears to be limited to a series of traffic infractions and domestic abuse arrest. Appellant had previously been deported at least seventeen times, noted the government. The government contended that Appellant's prior arrests and convictions for illegal reentry, DUI and domestic assault have failed to deter the him from committing additional offenses and a term of imprisonment within the Guidelines range of 87 to 108 months of imprisonment is appropriate (A. 118-119).

The Sentencing Proceeding

Appellant appeared for sentencing on November 2, 2021. The Court noted that it reviewed the presentence report and the sentencing submissions. Counsel

and the government stated there were no objections to the presentence report. The Court also reviewed the maximum penalty, 20-years' imprisonment, and anywhere from three years to life for a supervised release term. The Court granted the government's motion which allowed for a three-point reduction for acceptance of responsibility (A. 133-136).

With a total offense level of 27 and a criminal history category of III, the Court calculated an advisory sentencing guideline range of 87 to 108 months. Defense Counsel shared that Appellant was described in the presentence report as being forthcoming, engaged and appreciative of the probation officer's efforts. Counsel also explained that while Appellant did assist in the drug transaction with his presence and text message communications, he was taking instructions from a person he never met and that he did not know any of his co-defendants (A. 136, 140-141).

Counsel requested a below guidelines sentence of 48 months' imprisonment as Appellant did not have a proprietary role in the drug transaction. Counsel explained that while he has made mistakes, he has demonstrated that he is hard working and devoted to his family. Appellant stated he was accepting full responsibility and only wanted to focus on his future and providing a good education for his children (A. 142-155).

The Court explained that it was required to take into consideration the § 3553 sentencing factors, and everything the Court has heard, both positive and negative. The Court shared that a serious amount of drugs were involved in the offense and that Appellant has a habit of coming back to the United States illegally. The Court also discussed Appellant's prior criminal history, including driving while intoxicated and domestic violence incidents. The Court noted it must avoid unwarranted sentencing disparities and took into account co-defendant, Mr. Zavala, whose sentence was 45 months. Mr. Zavala, according to the Court, had less of a criminal history and was not as involved in the offense as Appellant (A. 162-169).

The Court sentenced Appellant to a period of imprisonment of 70 months' to be followed by a term of supervised release for a period of three years. The Court reminded Appellant of the plea agreement waiver, waiving his right to appeal or to attack his conviction and sentence. The Court advised Appellant that if there was a defect in the proceedings that has not been waived by his plea agreement, Appellant had a right to appeal. The government moved to dismiss the underlying indictment against Appellant and the Court granted the motion (A. 171-176). Appellant filed a timely pro se notice of Appeal (A. 122-124, 128-129).

SUMMARY OF ARGUMENT

Appellant entered a guilty plea to Count One of a Superseding Indictment, conspiracy to distribute and possess with intent to distribute heroin and fentanyl in violation of 21 U.S.C. §§ 841(a)(l), 841(b)(l)(C) and 846. At Appellant's guilty plea, he was advised of all the rights he would be waiving by pleading guilty. Appellant's sentence complied with 18 U.S.C. § 3355(a), Fed. R. Crim. P. 32 and *Gall v. United States,* 552 U.S. 38 (2007). Appellant entered a valid waiver of his right to appeal. There is an untenable risk involved with vacating appellant's plea and sentence. Consequently, this Court should grant counsel's motion to be relieved pursuant to *Anders v. California,* 386 U.S. 738 (1967).

ARGUMENT

THERE ARE NO NON-FRIVOLOUS ARGUMENTS
FOR THIS COURT'S REVIEW.

a. Jurisdiction was Vested in the District Court.

Appellant was charged with, and admitted to violating, 21 U.S.C. §§ 841(a)(l), 841(b)(l)(C) and 846. Pursuant to 18 U.S.C. § 3231, the district courts of the United States have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States. Jurisdiction was vested in the District Court.

15

b.  Appellant's Plea and Waiver Were Validly Entered.

Appellant's plea allocution complied with Rule 11 of the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 11(b)(1). Appellant was placed under oath and was advised of the government's right, in a prosecution for perjury or false statement, to use against him any statement given under oath. Appellant was advised of his right to plead not guilty, or having already so pleaded, to persist in that plea: his right to a jury trial and appeal therefrom; and to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceeding. Appellant was advised of his rights at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The Court advised Appellant that if he pleaded guilty, and the Court accepted his plea, he would be waving these trial rights.

The District Court advised Appellant of the nature of the charge to which he was pleading, and Appellant said that he understood the Count to which he was pleading guilty, 21 United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846. The government informed Appellant of the essential elements of the offense charged and what it would have to prove if the case were to proceed to trial, including that there was an agreement between two or more persons to possess with the intent to distribute and to distribute heroin and fentanyl and that during the

16

existence of the conspiracy, Appellant knowingly and voluntarily became a participant in that agreement and did so with the intention of furthering an objective of the conspiracy.

In satisfaction of Rule 11(b)(1), the Court informed Appellant that the maximum possible penalty he was facing was 20 years' imprisonment, a maximum term of supervised release of life, and a fine of as much as one million dollars, which Appellant stated he understood.

The Court advised Appellant of the Court's authority to order restitution, the Court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a). Therefore, Appellant's plea complied with Rule 11 of the Federal Rules of Criminal Procedure and there was no basis in the record to conclude that his plea was not knowing and voluntary. *Parke v. Raley*, 506 U.S. 20, 28-29 (1992)(It is beyond dispute that a guilty plea must be both knowing and voluntary)(citing *Boykin v. Ala.*, 395 U.S. 238 (1969); *McCarthy v. United States*, 394 U.S. 459, 466 (1969)); *North Carolina v. Alford*, 400 U.S. 25, 27 (1970).

c. The Procedure Employed by the District Court to
   Impose Sentence Was Correct.

At the sentencing proceeding, the District Court considered the presentence report and the sentencing submissions of the government and defense counsel. The Court ensured that Appellant reviewed the presentence report with counsel and counsel stated there were no objections to the report.

Prior to imposing a below-guidelines sentence of seventy (70) months' imprisonment, the District Court entertained defense counsel's request that the Court sentence Appellant to a 48-month sentence because of Appellant's contrition, willingness to be forthcoming and his small role in the offense. The Court also considered the government's argument that Appellant likely played a more significant role in the offense because the cartel entrusted him with a large amount of money and Appellant's alleged role as overseer. The government requested a Guidelines-range sentence. The below-Guidelines sentence that Appellant received reflects that the Court considered arguments on both sides prior to sentencing Appellant.

The District Court weighed counsels' arguments, explained its reasons for imposing the chosen sentence, and stated that it was required to take into account specific factors during sentencing. The Court discussed Appellant's prior criminal history and explained that it must avoid unwarranted sentencing disparities, taking

into account the 45-month sentence of a co-defendant, who had less of a criminal history and was not as involved in the offense as Appellant. The Court imposed Appellant's sentence in conformance with procedural and substantive requirements by: calculating the guidelines range; treating the guidelines as advisory; and, considering the statutory factors that the Court is required to consider when imposing sentence under 18 U.S.C. § 3553(a). The Court did not select a sentence based on clearly erroneous facts.

The Court adequately and thoroughly explained its chosen sentence, and followed the procedures set forth by the Supreme Court in *Gall* in framing a sentence for Appellant. *Gall v. United States,* 552 U.S. 38, 50 (2007). Thus, there is no non-frivolous argument in Appellant's case that the procedure employed by the District Court in formulating Appellant's sentence was improper. *Gall v. United States,* 552 U.S. at 50 (the following could render a sentence procedurally unreasonable: (1) "failing to calculate (or improperly calculating) the Guidelines range," (2) "treating the Guidelines as mandatory," (3) "failing to consider the [18 U.S.C.] § 3553(a) factors," (4) "selecting a sentence based on clearly erroneous facts," or (5) "failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range." *Gall,* 552 U.S. at 50; *United States v. Negron*, 524 F.3d 358 (2d Cir. 2008); *United States v. Whitley*, 503 F.3d 74 (2d Cir. 2007).

19

In *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008), this Court held that a district court should normally begin all sentencing proceedings by calculating, with the assistance of the Presentence Report, the applicable Guidelines range. *Id*. (citations omitted). The District Court in Appellant's case considered the Presentence Report and calculated and fully considered the guidelines. Also, in accordance with *Cavera*, the District Court did not presume that the Guidelines sentence was reasonable, but instead conducted its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense. *Id.*

The District Court found that the sentence imposed was sufficient to fulfill the purposes of sentencing. 18 U.S.C. § 3553(a). Because the District Court followed the procedures set forth by this Court in *United States v. Cavera* in framing a sentence for Appellant, there is no non-frivolous argument in Appellant's case that the procedure employed by the District Court in formulating Appellant' sentence was improper. *Cavera*, 550 F.3d at 189. The sentence imposed by the District Court was within the statutory framework and was below the 87-108 advisory Guidelines range. The maximum sentence for a violation of 21 U.S.C. Sections 841(a)(1), 841(b)(1)(C), and 846 is twenty (20) years' imprisonment.

In sum, there is no non-frivolous argument that the procedure used by the District Court to impose Appellant's sentence was incorrect. The Court considered and reflected on counsels' arguments and Appellant's apology. The Court also considered the advisory sentencing guidelines range, consulted the presentence report, the sentencing guidelines, and the appropriate sentencing factors. In addition, the Court adequately explained its chosen sentence, followed the procedures set forth by the Supreme Court in *Gall,* 552 U.S. at 50, and followed the procedures set forth by this Court in *Cavera*, 550 F.3d at 189, in sentencing Appellant.

  d. <u>The Risk of Upending Appellant's Plea Agreement is Not In His Best Interest.</u>

It would not be in Appellant's interest to contest the plea. As a result of his guilty plea, Appellant was sentenced to a term of imprisonment of 70 months. Originally, had counsel not negotiated his plea agreement, Appellant was facing a possible maximum sentence of 240 months' imprisonment. Following the negotiated Plea Agreement, Appellant's Guidelines range was properly calculated at 87 to 108 months' imprisonment, based upon a total offense level of 27. It would be frivolous to argue that Appellant's sentence, which was far less than the possible 240 months' imprisonment term he could have faced without his counsel's negotiation of his plea agreement, was excessive. Consequently, in light of the potential lengthy sentence and of 240 months' imprisonment, and the strength of

the government's case, invalidation of a plea agreement would entail unacceptable risks of a harsher sentence. *United States v. Bonilla-Caycedo*, 621 F. App'x 78, 79 (2d Cir. 2015)(citing *United States v. Ibrahim,* 62 F.3d 72, 74 (2d Cir. 1995)(*Anders* brief should either: (i) state that counsel, having considered the possible benefits and risks, believes that Appellant would run an unacceptable risk of adverse consequences in challenging the validity of a plea, or (ii) discuss the validity of the plea and why there are no non-frivolous issues on which to base an appeal)).

In sum, Appellant's plea was validly entered. Fed. R. Crim. P. 11; *Raley*, 506 U.S. at 28-29. There is no non-frivolous argument that the District Court's justification for its imposition of the sentence was unreasonable or based upon unlawful factors. *Cavera*, 550 F.3d at 189-192. There is no non-frivolous argument that Appellant's sentence "cannot be located within the range of permissible decisions." *Id.,* quoting, *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007). The risk of upending Appellant's plea agreement is not within his best interest. Consequently, Counsel's *Anders* motion should be granted.

<u>CONCLUSION</u>

Because Appellant's plea, waiver, and sentence appear to have been validly entered, and because the risk of invalidating Appellant's plea agreement would not be within his best interest, the undersigned respectfully requests to be relieved as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967).


Dated: May 17, 2022
      San Rafael, California

ROBIN C. SMITH, ESQ.
*Attorney for Appellant*
802 B Street
San Rafael, California 94901
(415) 726-8000

## <u>CERTIFICATE OF COMPLIANCE</u>

1. This brief has been prepared in a proportionally spaced typeface using Microsoft Word, Times New Roman, 14 point.

2. Exclusive of the table of contents; table of citations; certificate of compliance and the certificate of service, this Brief of Appellant contains 4,815 words.
I understand that a material misrepresentation can result in the court's striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the brief and a copy of the word or line printout.

May 17, 2022

ROBIN C. SMITH, ESQ.
LEEAN OTHMAN, ESQ.
Law Office of Robin C. Smith, Esq., P.C.
802 B Street
San Rafael, California 94901
(415) 726-8000

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this May 17, 2022, filed electronically
using the Court's CM/ECF system which will send notification to all parties of record.

ROBIN C. SMITH, ESQ.
LEEAN OTHMAN, ESQ.
Law Office of Robin C. Smith, Esq., P.C.
802 B Street
San Rafael, California 94901
(415) 726-8000